**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTHEW G. SILVA, | No. 16-35683 |
| Plaintiff-Appellant, | D.C. No. 4:15-cv-05094-SMJ |
| v. | |
| JEFFREY A. UTTECHT, Warden; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Submitted July 11, 2017[**]

Before:     CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Former Washington state prisoner Matthew G. Silva appeals pro se from the

district court's order dismissing his 42 U.S.C. § 1983 action alleging retaliation,

access-to-courts, and state law claims.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo a dismissal under Federal Rule of Civil Procedure

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Silva's action because both Silva's complaint and proposed amended complaint failed to allege facts sufficient to state any plausible claim. *See Hebbe*, 627 F.3d at 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Lewis v. Casey*, 518 U.S. 343, 348-49 (1996) (elements of an access-to-courts claim and actual injury requirement); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (requirements for establishing supervisory liability under § 1983); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of retaliation claim in prison context).

We reject as meritless Silva's contentions that the district court erred in not requiring defendants to respond to discovery requests, in not considering his proposed amended complaint, and in not ruling on his destruction of property claim.

**AFFIRMED.**